### PILIE vs. MOLLERE.

In the description of a note, an error in the fractional part is fatal.

APPEAL from the court of the second district.

MARTIN, J. delivered the opinion of the court. The case before us is on a bill of ex-

ceptions, to the opinion of the judge *a quo*, in

refusing to permit a note offered in evidence, to go to the jury.

By an act of the legislature of this state, approved on the 14th March, 1823, it is provided that "no promissory note shall be obligatory or *admissible* in evidence, unless the sum be expressed *in words at full length.*"

This act was evidently passed, in consequence of a decision of this court, at the February term preceeding, in the case of *Roland* vs. *Nugent*, 12 *Martin*, 659, in which we held a note obligatory, although the sum was expressed in figures. Were the present case before us on the merits, we could derive no aid from the decisions of any other tribunal, nor the works of any writer, as the principle introduced is absolutely novel. According to the law-merchant, as understood in the United States, Great Britain, and France, the payment of a bill of exchange, or note, cannot be resisted, on the ground of the sum being expressed in figures. *Chitty on Bills*, 82, *Pothier, Traite du Contrat de Change, n. 35 & 99.*

The legislature was so anxious to come to the relief of those who might subscribe notes, in which the sum was expressed in figures,

that they declared them *not obligatory*, and not *admissible as evidence of a debt*

The counsel, charged with the defence of this case, has begun it by objecting to the admission of the note in evidence. It is contended that:

1. The note, set forth in the petition, is one for two thousand four hundred and seventy-four dollars *and thirty eight cents;* that, offered in evidence is not obligatory at all, or if so, is good for two thousand four hundred and seventy four dollars *only.—Ergo*, there is a *fatal variance.*

2. The sum in the note offered, is not expressed *in words at full length; i. e.* it is not wholly so—a part of it being in figures—*Ergo*, the act renders it *inadmissible.*

The plaintiff's counsel contends that the *principal sum* is *in words at full length;* that the fraction, (the cents)is alone in figures—that what is in figures cannot vitiate what is in words at full length.—*Utile per inutile non vitiatur.*—The cents are so trifling a part of the sum that no attention ought to be paid to them ; *de minimis non curat lex*—they will be rejected as surplusage.

We think there is no *principal sum* in the

case.    We see but one  sum, and it cannot be
styled  principal,  because  there  is  no  other,
in  relation to which, it may receive this appel-
lation.

The cents are a component part of the debt,
as well as the dollars ; and the creditor  could
not be more legally compelled  to accept of the
latter,  without a  simultaneous  tender  of  the
former, than the former  without a like  tender
of the latter.     Between the original  parties,
the sum is *indivisible.*

Granting then  what is asked, viz :  That
what is in figures is to  be considered as  not
written ; then  the  note  produced is one for
two thousand four hundred  and seventy-four
dollars *only ;* and the sole  question presented
for our solution is ;   Did the first judge err in
refusing such a note  to go  to a  jury empan-
nelled to try the issue,  whether  the defendant
had given the plaintiff a note for two thousand
four  hundred   and  seventy four  dollars  and
*thirty eight cents ?*

We think the  variance was  fatal ;  and the
judge did not err.

When the plaintiff proves  something *differ-
ent* from  what he  has  asked,  the  defendant
ought to have judgment ; no other can  be giv-

East'n District.
*July*, 1824.

PILIE
*vs.*
MOLLERE.

en.     *Quando el actor prueba otra differente causa, de la que por el fue pedido, se ha de absolver el reo: por que non se puede hacer otra sententia, que es nulla la que se hiciere.   Cur. Phil. Libello, n. 7.*

The proof must be made *according to the form of the petition;* because the judgment must be given accordingly. *Ha de ser hecha la prueba, segun la forma del libello, y la razon es que segun esta se debe pronunciar la sententia.*   3 *Cinco Juicios. cap.* 1, § 7, *n.* 283.

In an action on a contract, it is necessary to set it out *truly;* and a *difference in any part* is fatal; because the contract is *entire. King* vs. *Pipel,* 1 *T. R.* 240.

A *trivial* variation in setting out a written instrument is fatal, when the plaintiff has the original in his possession or may by due exertion, obtain it.   *Dunbar* vs. *Jumper,* 2 *Yeates,* 74.

If a bill be drawn by J. Crouch, and declared upon as drawn by J. Couch, the variance is fatal.   *Whitwell* vs. *Bennet,* 3 *B.* & *P.* 559. *Where a* note was offered against Austin, as made by W. Austin, R. Strobel & W. Shirtliff, and that charged, was stated to be made by W. Austin, R. Srobel and W. Shurtliff.   Aus-

tin, who was alone in court, was permitted to avail himself of the variance between the note produced and that charged. 4 *T. R.* 611.

If the plaintiff mistake *the sum*, he fails in his action. *Alleyn*, 28, 29. *Smith* vs. *Hickton*, *B. R. T.* 7 *Geo.* 2. An error in a *fractional part* is fatal; and where, on a report of referees, judgment was rendered for 99 cents more than was reported to be due, the judgment was held to be erroneous, and was reversed. *Stafford* vs. *Van Zandt*, 2 *Johns. Cases*, 66.

The principle has been acted upon in this court. *Victoire & al.* vs. *Moulon*, 8 *Martin*, 400. *Florny* vs. *Allen*, 11, *id.* 549.

The conclusion to which we come renders it unnecessary to examine, whether a note, in which the cents are set down in figures, is (when it corresponds with that stated in the petition) admissible as evidence of a debt.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Derbigny* for the plaintiff, *Hennen* for the defendant.